## LUTZ et v IRONTON (city)

Ohio Appeals, 4th Dist, Lawrence Co

Decided August 1, 1932

A. R. Johnson and H. A. McCown, Ironton, for plaintiff in error.

F. A. Ross, City Solicitor and E. E. Corn, Special Counsel, Ironton, for defendant in error.

BLOSSER, J.

The evidence discloses that Quincy Street was unimproved, that the gutter or ditch was constructed a number of years ago for the purpose of drainage and that its condition was well known to the authorities. The matter of notice to the city was not in dispute. There is some discrepancy in the evidence as to the depth and condition of the ditch in question. The evidence of the engineer was that at its deepest point it was thirty two inches in depth and that this depth decreased toward Third Street, and that immediately in front of the plaintiff's home it was about twenty five inches deep. The claim of the plaintiff was that the bank of the ditch immediately adjacent to the curb was almost perpendicular, while the engineer stated that the banks sloped gradually to the bottom of the gutter. The sidewalk was of cement and there was some evidence on behalf of the plaintiff that owing to the roots of trees the sidewalk was cracked, parts of it misplaced and in a very rough condition. The evidence on behalf of the defendant was to the effect that while the roots of trees had cracked the cement in one or two places yet it was not uneven and was in good condition for the use of persons passing over it. The evidence further discloses that the plaintiff while riding on a tricycle on the sidewalk near her home fell into the ditch and bruised her thigh and hip. It was the claim of the plaintiff that this injury was the cause of tuberculosis which later developed in the bones of her hip and caused great pain and suffering, necessitating a major surgical operation, and that she will be permanently injured. The medical evidence was conflicting but some of the evidence of the defendant was that there was no connection between the injuries received by her in her fall from the tricycle and the development of tuberculosis of the bone of the thigh and hip.

The questions presented in this case were in the main peculiarly for the jury. The action was based on the theory that the defendant was maintaining a nuisance with reference to the ditch already described, and that it was chargeable with negligence

in not providing some means to prevent accidents and injury to persons using the street in question. §3714 GC provides that a municipality shall keep its streets in repair and free from nuisance. In the trial of a case of this kind it is the duty of the trial court to state to the jury the rights and duties of the parties and to define a nuisance. It can not be said as a matter of law that the ditch or gutter in this case constituted a nuisance. It was the province of the jury to determine whether the circumstances of the particular case come within the definition and constitute a nuisance. **City of Hamilton v Dilley, 120 Oh St 127.**

The plaintiff complains that the court erred in the rejection of evidence of other accidents. If properly offered evidence of this kind is competent for the purpose of showing the dangerous condition of the street and also notice or knowledge on the part of the city. In this case, however, notice or knowledge on the part of the city was admitted. An examination of the record discloses that when the various questions were asked and objections thereto were sustained nothing appears to indicate what the evidence would be if the witnesses were permitted to answer. The trial court in sustaining objections to the questions probably thought that there was no analogy between an automobile or team being stalled in the ditch or a person riding a bicycle in the middle of the street and a child riding a tricycle on the sidewalk. We see no prejudicial error in the rejection of this evidence.

It is urged that there was error in the court's charge. The general charge defined a nuisance and stated the duties and rights of the parties, and a special charge stated:

"The defendant is charged with the duty of keeping the streets free from nuisance and in reasonably safe condition for travel in the usual modes, but is not an insurer of the safety of persons using them, and when they are in that condition it is not chargeable with negligence although an accident happens in the use of the streets."

This is the correct rule in such cases. **City of Dayton v Glasser, 76 Oh St 471, Drake v East Cleveland, 101 Oh St 111.** There are numerous other cases to the same effect. But it is urged that the court unduly repeated and emphasized the phrase "ordinary and usual mode." It is difficult to conceive how the court could accurately charge the jury on this phase of the law of the case without repeating that expression. The court was justified in refusing to give to the jury some of plaintiff's special charges for the reason that such special charges did not contain this expression, and without it the charges did not state the law correctly.

The plaintiff in error urges that children playing on the street are entitled to the same protection as other travelers, that the plaintiff at the time of her injury was not using the street in the ordinary way and that the court failed to charge the jury with reference to the law applicable to the unusual way in which she was using the street at the time of her accident. It is sufficient to say that counsel for the plaintiff did not point out to the court what he claimed were the rights of the parties under such circumstances and did not request the court to charge on this matter. The charge given by the court stated the law correctly and in the absence of a request to charge on the matter now suggested no error was committed. **Railway Co. v Ritter, 67 Oh St 53.**

There is ample evidence to sustain the verdict of the jury and we find no prejudicial error of law in the record.

Judgment affirmed.

MAUCK, PJ, and MIDDLETON, J, concur.